UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TREVONN JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-219-DRL-MGG |
| KEVIN, | |
| Defendant. | |

OPINION AND ORDER

TreVonn Johnson, a prisoner without a lawyer, filed a complaint alleging he did not get proper care for his colostomy bag at the St. Joseph County Jail where he was a pretrial detainee. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On December 29, 2022, at 10:20 am, Mr. Johnson alleges he told Deputy S. Ramos that his colostomy bag was leaking and he had feces on him. ECF 11 at 3. It appears Deputy S. Ramos told Nurse Kaila because when she saw Mr. Johnson twenty minutes later, she told him she was working on it. Forty minutes later they both approached his cell, but Nurse Kaila realized she did not have all the supplies she needed. An hour and

ten minutes after that, Mr. Johnson got his supplies, but not until after he had been served lunch.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and [42 U.S.C. § 1983] provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

It is unfortunate Mr. Johnson waited two hours and ten minutes to get colostomy supplies. It is unfortunate he was served lunch by someone while he had feces on him. His need for colostomy supplies was an objectively serious need, but there is no

indication either Officer Ramos or Nurse Kaila were purposeful or reckless regarding the risk posed by this brief delay. Mr. Johnson says he was humiliated having to wait, but federal law prohibits compensation for mental or emotional injury without a physical injury. 42 U.S.C. § 1997e(e).

Mr. Johnson alleges he stayed in medical isolation for two weeks because Wellpath did not have adequate supplies for him to be housed in general population. He was told if he returned to general population, he could only change his colostomy bag every seven days. ECF 11 at 4. It appears Mr. Johnson chose to stay in medical isolation rather than delay changing his colostomy bag on this occasion. It is unclear how his need for colostomy supplies were handled while he was in medical isolation. It is unclear why fewer supplies were needed if he was there rather than in general population. It is clear Wellpath is the company hired to provide medical services at the St. Joseph County Jail. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). This complaint does not state a claim against Wellpath because it does not allege the supply shortage was a result of a policy or custom.

Mr. Johnson alleges Nurse Roberta told him he would be placed in medical isolation if he changed his colostomy bag more frequently than every seven days. ECF 11 at 5. Mr. Johnson did not like being housed in medical isolation. Under the Fourteenth Amendment, a pretrial detainee cannot be punished without due process of law. *Bell v.*

*Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*). This complaint does not plausibly allege Wellpath intended to punish Mr. Johnson by keeping him in medical isolation for two weeks. The complaint alleges he was held there because there was a shortage of supplies, and the complaint does not allege facts showing doing so was not rationally related to the legitimate governmental purpose of providing him medical treatment or that it was excessive in relation to that purpose. It is unclear when or why Nurse Roberta told him he would be placed in medical isolation if he changed his colostomy bag more frequently than every seven days. It is unclear how he could do so if he did not have supplies.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not

4

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Mr. Johnson alleges beginning December 28, 2022, his kidney hurt while urinating and some other times too. ECF 11 at 5. He alleges Nurse Kaila told him he had in infection, gave him an injection, and administered medication for a week. When his symptoms persisted, he was given an ultrasound and told by Physician's Assistant Kevin he had a kidney stone. Mr. Johnson received medication for the kidney stone. A week later, he reported he had continued symptoms. He was given another ultrasound and told it cleared though he does not believe he passed a kidney stone. He alleges he continues to have symptoms more than five months later.

These allegations do not state a claim against Nurse Kaila. Her diagnosis may have been wrong, but there is no indication it was objectively unreasonable under the circumstances or was a substantial departure from accepted professional judgment, practice, or standards. So too for Physician Assistant Kevin while he was working to address his kidney pain in January 2023. Nor do they state a claim against Wellpath because the complaint does not allege facts showing his alleged lack of medical treatment was the result of a corporate policy or custom and a corporation cannot be "held liable solely for the actions of its employee." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020).

5

These allegations do state a claim against Physician Assistant Kevin for abandoning Mr. Johnson when he continued to have pain after the ultrasound no longer indicated he had a kidney stone.

Mr. Johnson alleges Lt. Wojo took no action against Officer Ramos or Nurse Kaila. ECF 11 at 6. The complaint does not state a claim against either of them; but, even if did, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596.

For these reasons, the court:

(1) GRANTS TreVonn Johnson leave to proceed against Physician Assistant Kevin in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his kidney pain when he continued to have pain after the ultrasound no longer indicated he had a kidney stone in January 2023 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Kayla, S. Ramos, Roberta, Wojo, and Wellpath;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Physician Assistant Kevin at St. Joseph County Jail, with a copy of this order and the complaint (ECF 11);

(5) ORDERS the St. Joseph County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Physician Assistant Kevin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 24, 2023

*s/ Damon R. Leichty*
Judge, United States District Court